**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Rose Tsimahidis,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank NA,<br><br>　　　　　Defendant. | No. CV-25-02531-PHX-SHD<br><br>**ORDER** |

Pending before the Court is Defendant JPMorgan Chase Bank NA's ("JPMorgan") Motion to Dismiss Plaintiff Angela Rose Tsimahidis's Complaint for failure to state a claim. (Doc. 7.) Because Tsimahidis has not responded to the Motion, it will be summarily granted, and this action will be dismissed without prejudice.

**I.     BACKGROUND**

On June 16, 2025, Tsimahidis, proceeding pro se, initiated this action in the West McDowell Justice Court. (Doc. 1-1 at 6.) One month later, on July 18, 2025, JPMorgan timely removed the case to federal court, (Doc. 1.), and filed a motion to dismiss Tsimahidis' Complaint for failure to state a claim, (Doc. 7). The motion requests the complaint be dismissed with prejudice. (Doc. 7 at 9.) The response to the motion was due on August 11, 2025, but Tsimahidis did not respond. On August 18, 2025, the Court ordered Tsimahidis to respond within 14 days, warning that if she did not do so, the motion may be summarily granted as unopposed. (Doc. 9.) To date, Tsimahidis has not filed a response.

## II. LEGAL STANDARD

Under Local Rule 7.2(i), "if [an] unrepresented party . . . does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Thus, if no response to a motion to dismiss is filed, courts may dismiss the case as a sanction for failing to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before any such action may be taken, courts must "weigh several factors," including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.* (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In most cases, the first two *Henderson* factors favor dismissal and the fourth counsels against it. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). As a result, "the key factors are prejudice and availability of lesser sanctions." *Id.*

## III. DISCUSSION

Considering the *Henderson* factors, dismissal without prejudice is an appropriate sanction. As with most cases, the "public's interest in expeditious resolution" and "the court's need to manage its docket" favor dismissal. *See id.* at 656. Tsimahidis's failure to respond has needlessly extended litigation, delayed adjudication, and required the diversion of judicial resources to address her non-compliance with the Local Rules. *See Crain v. TransUnion*, 2025 WL 2689812, at *1 (D. Ariz. 2025) ("Plaintiff's non-compliance [with Local Rule 7.2(i)] has thwarted the public's interest in expedited resolution of litigation and interfered with the Court's management of its docket.").

The third factor, "the risk of prejudice to defendants," also favors dismissal. When a plaintiff unreasonably delays prosecution of an action, a presumption of prejudice arises. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.") Here, Tsimahidis's failure to respond has caused unreasonable delay and JPMorgan is thus presumed to be prejudiced. *See Viveros v. Suzuki*

*Motor of Am. Inc.*, 2019 WL 4673340, at *1 (D. Ariz. 2019) (finding a presumption of prejudice when plaintiff failed to respond to a motion to dismiss).

The fourth factor, "the public policy favoring disposition of cases on their merits," generally weighs against dismissal. *Wanderer*, 910 F.2d at 656. But when a case is dismissed without prejudice, dismissal is not disfavored. *See Carillo v. Mayorkas*, 2025 WL 1918561, at *1 (D. Ariz. 2025) ("A dismissal without prejudice [does] not offend public policy because Plaintiff [can] adjudicate the merits of [her] claims on a later date.").

Finally, the fifth factor, "the availability of less drastic sanctions," weighs in favor of dismissal. Tsimahidis failed to respond to JPMorgan's motion even after the Court ordered her to do so and gave her an additional 14 days to respond. This indicates that a less drastic sanction, such as further warnings to comply with the Court's order, is unlikely to have any effect. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citations omitted).

Most of the *Henderson* factors weigh in favor of dismissal. Rather than dismiss the case with prejudice, as JPMorgan requests, the Court will impose the lesser sanction of dismissal without prejudice. *Crain*, 2025 WL 2689812, at *1 (holding that, where pro se plaintiff failed to respond to motion to dismiss, dismissal without prejudice "is the only feasible alternative to a with-prejudice dismissal").

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss, (Doc. 7), is **granted**. The dismissal is without prejudice. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 14th day of October, 2025.

_____
Honorable Sharad H. Desai
United States District Judge